UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** CV 22-0124-MWF (SHKx) | | **Date:** March 29, 2022 |
| **Title:** Adriana Reiling v. Hobby Lobby Stores, Inc., and "Aaron" | | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Amy Diaz |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**  ORDER RE: PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT [16]

Before the Court is Plaintiff Adriana Reiling's Motion to Remand Action to State Court (the "Motion"), filed on February 18, 2022. (Docket No. 16). Defendant Hobby Lobby Stores, Inc. ("Hobby Lobby") filed an Opposition on March 7, 2022. (Docket No. 18). Plaintiff did not file a Reply.

The Court has read and considered the Motion and held a hearing on **March 28, 2022**.

For the reasons set forth below, the Motion is **DENIED**. Although not technically named as a Doe defendant in the Complaint, "Aaron" functionally is a Doe defendant. Therefore, by statute the citizenship of "Aaron" may properly be disregarded, complete diversity exists between the parties, and jurisdiction is proper.

I.   **BACKGROUND**

This action was removed from San Bernardino Superior Court on January 19, 2022, on the basis of diversity jurisdiction. (*See* Docket No. 1 ("NoR")). The Complaint was originally filed on October 19, 2021. (*See* NoR Exhibit A).

Plaintiff alleges that she was injured by a cardboard box negligently left by an employee in an aisle in one of Defendant's stores in Redlands, California, basing her claim on general negligence and premises liability. (*See id.* at 13). Plaintiff seeks general damages in excess of $300,000.00 and special damages in excess of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-0124-MWF (SHKx)          Date:  March 29, 2022
Title:  Adriana Reiling v. Hobby Lobby Stores, Inc., and "Aaron"

$100,000.00.  (*See id*. at 14).

## II. DISCUSSION

As an initial matter, Hobby Lobby disputes that Plaintiff complied with Local Rule 7-3, as the Motion was filed one day after the required conference of counsel, rather than the conference taking place "at least seven (7) days prior to the filing of the motion."  L.R. 7-3.  Though the Court will not deny the Motion on this ground in this instance, the parties are reminded that compliance with the Local Rules is mandatory, and the Court may deny future motions for failure to comply with the Local Rules.  *See*, *e.g*., Local Rule 7-4 ("The Court may decline to a consider a motion unless it meets the requirements of L.R. 7-3 through 7-8").

### A. Remand

Pursuant to 28 U.S.C. § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states.  The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Plaintiff argues removal was improper because she is informed and believes that Defendant "Aaron" is a citizen of California as he was either manager or employee of the Hobby Lobby store at issue, thereby destroying complete diversity.  (*See* Motion at 4–5).

Defendant argues that removal was proper because "Aaron" is properly regarded as a Doe defendant, and thus his citizenship should be disregarded, and also that "Aaron" is a sham defendant named solely for the purposes of destroying diversity, as his presence is unnecessary due to Hobby Lobby's potential liability under respondeat superior.  (*See* Opposition at 5–9).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  CV 22-0124-MWF (SHKx) | **Date:**  March 29, 2022 |
| **Title:**     Adriana Reiling v. Hobby Lobby Stores, Inc., and "Aaron" | |

In determining whether the parties are diverse under 28 U.S.C. § 1441(b), "the citizenship of defendants sued under fictitious names shall be disregarded."  The analysis of the district court in *Goldsmith v. CVS Pharmacy, Inc.*, cited by Hobby Lobby, is instructive.  *See* CV 20-0750-AB (JCx), 2020 WL 1650760 (C.D. Cal. April 3, 2020).  There, the plaintiff named Doe defendants, including the pharmacist alleged to have confiscated the plaintiff's prescription, the incident alleged in the suit.  *See id.* at \*3.  The district court determined that the presence of Doe defendants was irrelevant for the purposes of ascertaining whether jurisdiction was proper because the current parties were diverse and plaintiff made no attempt to substitute any Doe defendant for a named defendant.  *See id.* (citing 28 U.S.C. § 1441(b), *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002)).

*Goldsmith*'s disregard of Doe defendants is perhaps somewhat distinguishable, because there "Plaintiff ha[d] not moved to substitute Doe 1, or any other Doe for that matter, for a named defendant."  *Id.*  Here, Plaintiff has named, to some extent, Defendant "Aaron."  Additionally, the district court in *Goldsmith* noted that some courts, particularly in the Eastern District of California, were more exacting in their analysis of Doe defendants, finding that with adequate allegations concerning a Doe defendant's identity, the citizenship of the Doe defendant could be considered for the purposes of the diversity jurisdiction analysis.  *See id*. at \*4 (citing *Robinson v. Lowe's Home Centers, LLC*, No. 1:15-cv-1321-LJO-SMS, 2015 WL 13236883, at \*3 (E.D. Cal. Nov. 13, 2015), *Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, No. 1:15-cv-751-LJO-JLT, 2015 WL 5646648, at \*7 (E.D. Cal. Sept. 24, 2015)).  However, this interpretation appears to disregard the Ninth Circuit's statement that "[t]he citizenship of fictitious defendants is disregarded for removal purposes ***and becomes relevant only if and when the plaintiff seeks to substitute a named defendant***."  *Soliman*, 311 F.3d at 966 (emphasis added).  Accordingly, the Court will not consider the extraneous facts alleged about "Aaron" while he is still, in essence, a Doe defendant.

This Court sees no reason why "Aaron" should not be subject to the statute, even if not strictly labeled as a Doe defendant in the Complaint.  The presumption remains that Congress said what it meant and meant when it said when it wrote 28 U.S.C. § 1441(b) to require that the citizenship of fictitious defendants be ignored when

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-0124-MWF (SHKx)            **Date:** **March 29, 2022**
**Title:** Adriana Reiling v. Hobby Lobby Stores, Inc., and "Aaron"

considering diversity jurisdiction. The Ninth Circuit was clear when it indicated the same. *See Soliman*, 311 F.3d at 966.

Although Plaintiff makes some allegations about who "Aaron" may be, he is essentially an unknown defendant and is not yet an actual party to the litigation. There is no basis to consider the citizenship of "Aaron" because "Aaron" is functionally a Doe defendant, even if not specifically named as such. *Accord Rojas by and through Rojas v. Sea World Parks & Ent., Inc.*, 538 F. Supp. 3d 1008, 1014–23 (S.D. Cal. 2021) (engaging in thorough analysis of history of Doe defendant pleading, including enactment of 28 U.S.C. § 1441(b), and concluding "[t]his Court joins the other courts within this District in finding that the citizenship of doe defendants, regardless of the detail or specificity with which it is alleged, must be disregarded when determining whether complete diversity exists on a motion to remand"), *Guytan v. Swift Trans. Co. of Arizona, LLC*, CV 17-626-VAP (DTBx), 2017 WL 2380159, at *2 (C.D. Cal. June 1, 2017) (finding that under 28 U.S.C. § 1441 and the Ninth Circuit holding in *Soliman*, 311 F.3d at 971, "[a]s Plaintiff has not moved to substitute Doe 1 for a named defendant, the Court must disregard Doe 1's citizenship for removal purposes"), *Garcia v. Walmart, Inc.*, CV 22-371-SVW (MRWx), 2022 WL 796197, at *2–*3 (C.D. Cal. March 16, 2022) ("Accordingly, only when Plaintiff 'seeks leave to substitute a named defendant' will the citizenship question become relevant" on a motion to remand) (citing *Soliman*, 311 F.3d at 971, *Goldsmith*, 2020 WL 1650750, at *3)). The parties are accordingly completely diverse, and jurisdiction is proper.

The Court also notes there is no indication Plaintiff has attempted to serve and substitute in "Aaron" or sought to ascertain the actual identity of "Aaron" via jurisdictional discovery or other investigation for the purposes of serving him and including him in the action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-0124-MWF (SHKx)            **Date:** March 29, 2022
**Title:**     Adriana Reiling v. Hobby Lobby Stores, Inc., and "Aaron"

Accordingly, the Motion is **DENIED**. The Court need not reach the argument that "Aaron" is a sham defendant, which is a considerably more difficult legal issue than whether he is functionally a Doe defendant. As stated at the hearing, the Court renders no decision on the issue not presently before it of whether Plaintiff may be later permitted to join "Aaron."

IT IS SO ORDERED.